MILLS, Judge.
Adams appeals from the summary denial of his Rule 3.850 motion for postconviction *991 relief. The summary denial was improper because the portion of the file attached by the trial court in support of its order does not “conclusively show that the prisoner is entitled to no relief.” Rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand for an evidentiary hearing on Adams’ motion.
On 22 December 1981, Adams pled guilty to separate counts of armed robbery without the use of a firearm. He received concurrent sentences of 30 years. On 19 March 1982, Adams pled guilty to two counts of armed robbery, two counts of carrying a concealed firearm and three counts of possession of methaqualone. He was sentenced by a different judge to two concurrent 30-year terms on the armed robbery counts, and to five concurrent five-year terms on the rest of the charges. The 19 March sentences were to run concurrently with each other and with the sentences received on 22 December.
In his motion, Adams alleges that the 19 March sentences for armed robbery were imposed in violation of a plea agreement, wherein he agreed to plead guilty in exchange for a reduction of four counts of armed robbery to four counts of armed robbery without use of a firearm. He alleges that while the 22 December sentences reflected the plea agreement, the 19 March sentences did not, despite the second judge’s acknowledgment of and agreement to abide by it. The trial court denied the motion, attaching copies of the judgments and sentences entered against Adams.
An allegation of imposition of sentence in violation of an accepted plea agreement is a legally sufficient basis for relief by a 3.850 motion. Howard v. State, 417 So.2d 1152, 1153 (Fla. 1st DCA 1982). When legally sufficient grounds are stated in the motion, the court must either attach “copies of that portion of the files and records which conclusively show that the prisoner is entitled to no relief,” Rule 3.850, or hold an evidentiary hearing on the allegations of the motion. Howard, supra. Here, the copies of the judgments and sentences provided by the trial court do not conclusively show that Adams was not sentenced in violation of a plea agreement.
The order of the trial court summarily denying Adams’ motion is reversed, and the case is remanded for an evidentiary hearing on the allegation contained therein.
SHIVERS and WENTWORTH, JJ., concur.